UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TROY CLAYTON WALLACE,

                   Plaintiff,

              -v-

NEW YORK STATE DEPT. OF CORR. AND
COMMUNITY SUPERVISION; ANDREA EVANS,
Chairwoman; PAROLE OFFICER F. KELSICK;
SENIOR PAROLE OFFICER SENZAMICI,

                   Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-5462 (SJF)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 06 2011 ★
LONG ISLAND OFFICE

**FEUERSTEIN, United States District Judge:**

Plaintiff Troy Clayton Wallace ("Plaintiff"), currently incarcerated at the Suffolk County Correctional Facility, brings this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against the New York State Department of Corrections and Community Supervision and Andrea Evans are dismissed. Plaintiff's remaining claims against Parole Officer F. Kelsick ("Kelsick") and Senior Parole Officer Senzamici ("Senzamici") shall proceed.

**BACKGROUND**

Plaintiff alleges that, "on or about September 16th," defendants Kelsick and Senzamici unlawfully entered "the residence of 7 Vincent Place, Oakdale, N.Y." without a warrant and arrested him for an alleged parole violation. Complaint [Docket Entry No. 1] ("Compl.") at ¶ IV.

1

Plaintiff further alleges that "it seems to be the policy and custom of [New York State Department of Corrections and Community Supervision] to operate beyond its constitutional scope of authority," and that Andrea Evans – Chairwoman of the New York State Division of Parole – has ignored his letters complaining about the agency. Id. Plaintiff seeks monetary damages and injunctive relief. Id. at ¶ V.

## STANDARD OF REVIEW

The Court is mindful that plaintiff is proceeding pro se, and that his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.

## DISCUSSION

### Claims Against NYS Department of Corrections and Community Supervision

The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State School & Hospital, 465 U.S. 89, 98-100 (1984).

2

As an agency or arm of the State of New York, the New York State Department of Corrections and Community Supervision is immune from suit under the Eleventh Amendment, see <u>Chapman v. New York</u>, No. 11-CV-1814, 2011 WL 4344209, at *2 (E.D.N.Y. Sept. 14, 2011), and there is nothing to suggest that this agency has consented to be sued in this Court. Thus, plaintiff's claim for damages against the New York State Department of Corrections and Community Supervision is dismissed. See, e.g., <u>McCloud v. Jackson</u>, 4 Fed. Appx. 7, 10 (2d Cir. 2001) (dismissing plaintiff's claims against the New York State Division of Parole because the Eleventh Amendment bars suits against states or state agencies); <u>Coleman v. City of New York</u>, No. 03 Civ. 4921, 2009 WL 705539, at *4 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency.").

**Claims Against Andrea Evans**

Liability under § 1983 cannot be generally imposed on a supervisor, such as Andrea Evans, solely based upon her position as Chairwoman of the New York State Division of Parole. In <u>Ashcroft v. Iqbal</u>, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to <u>Bivens</u> and 1983 suits, the plaintiff ... must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 129 S.Ct. 1938, 1940 (2009). Here, plaintiff fails to allege facts sufficient to support a claim that Andrea Evans' own actions make her liable under § 1983.

**CONCLUSION**

Accordingly, plaintiff's claims against the New York State Department of Corrections

and Community Supervision and Andrea Evans are dismissed pursuant to 28 U.S.C. § 1915A (b) for failure to state a claim upon which relief may be granted. No summonses shall issue as to these defendants.

Plaintiff's remaining claims against Parole Officer F. Kelsick and Senior Parole Officer Senzamici shall proceed. The United States Marshals Service is directed to serve the summonses, complaint, and this Order upon the remaining defendants without prepayment of fees. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated:   Central Islip, New York
         December 6, 2011

4