UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TROY CLAYTON WALLACE,

                Plaintiff,

      -against-

PAROLE OFFICER F. KELSICK;
SENIOR PAROLE OFFICER SENZAMICI,

                Defendants.
----------------------------------------------------------------x
LYNDA M. FREGO,

                Plaintiff,

      -against-

NEW YORK STATE DEPT. OF CORRECTIONS
AND COMMUNITY SUPERVISION, SENZAMICI,
SENIOR PAROLE OFFICER, PAROLE OFFICER
F. FELSICK,

                Defendants.
----------------------------------------------------------------x

**ORDER**
11-CV-5462 (SJF) (WDW)

12-CV-1028 (SJF) (WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 1 1 2012   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, United States District Judge:

On November 7, 2011, incarcerated pro se plaintiff Troy Clayton Wallace ("Wallace") commenced this action pursuant to 42 U.S.C. § 1983, which was docketed as case number 11-CV-5462. The complaint alleged, inter alia, that a "marshal task force" arrested Wallace and entered a residence in Oakdale, New York, without a warrant and without consent of the lessee, Lynda Frego ("Frego"). By order dated December 6, 2011, the Court dismissed that action as it related to defendants New York State Department of Corrections and Community Supervision

1

and Andrea Evans. See Case No. 11-CV-5462, Docket No. 6.

On March 1, 2012, Frego, appearing pro se, commenced a separate action, which was docketed as case number 12-CV-1028 and originally assigned to District Judge Joseph F. Bianco. Frego's complaint arises from the same incident. She alleges, inter alia, that she was "physically restrained under excessive force" while the officers were searching her residence. See Case No. 12-CV-1028, Docket No. 1.

Before the Court is defendants' motion to consolidate these actions. Case No. 11-CV-5462, Docket No. 14. For the reasons that follow, the motion is granted.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transp. Commc'ns Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990). Consolidation "should be prudently employed as a valuable and important tool of judicial administration . . . . invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotation marks and citations omitted). Although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice . . . .").

In determining whether consolidation is appropriate, the Court must consider:
[W]hether the specific risks of prejudice and possible confusion [are] overborne

> by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotation marks and citations omitted).

These cases, which both arise from the same incident, involve common factual and legal issues. Both were recently filed, and neither has proceeded to discovery. Moreover, the Court finds that there would be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending against multiple lawsuits, actions 11-CV-5462 and 12-CV-1028 are consolidated for all pretrial purposes and for trial. The actions will henceforth proceed under docket number 11-CV-5462 (the "lead case"). All papers filed in these actions shall henceforth bear only the lead case docket number, and the caption of this consolidated action shall be amended in accordance with this order.

For the foregoing reasons, it is hereby **ORDERED** that defendants' motion [Docket Entry No. 14] is granted; the plaintiffs' actions, bearing docket numbers 11-CV-5462 and 12-CV-1028, are consolidated for all purposes, including trial, to proceed under docket number 11-CV-5462.

It is further **ORDERED** that the Clerk of Court shall: (1) amend the caption of the lead case in accordance with this order; (2) administratively close the action assigned docket number 12-CV-1028.

It is further **ORDERED** that Frego's claims against the New York State Department of Corrections and Community Supervision are sua sponte dismissed for the reasons set forth in the

3

Court's December 6, 2011 order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:    Central Islip, New York
          June 11, 2012