```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TROY CLAYTON WALLACE,
                            Plaintiff,                          REPORT AND
                                                                RECOMMENDATION
            -against-                                           CV 11-5462 (SJF) (WDW)

POLICE OFFICER F. KELSICK;
SENIOR PAROLE OFFICER SENZAMICI,
                            Defendant(s).
-----------------------------------------------------------X
LYNDA M. FREGO,
                            Plaintiff,                          CV 12-1028 (SJF) (WDW)

            -against-

NEW YORK STATE DEPT. OF CORRECTIONS
AND COMMUNITY SUPERVISION;
SENZAMICI, SENIOR PAROLE OFFICER,
PAROLE OFFICER KELSICK, SEN. PAROLE
OFFICER SENZAMICI,
                            Defendants
-----------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court, on referral from District Judge Feuerstein, are motions to dismiss in these consolidated cases(DE[16]) and (DE[27]). Pro se plaintiff Troy Clayton Wallace submitted opposition, purportedly on behalf of both himself and pro se plaintiff Lynda M. Frego, his wife. DE[25]. By Order dated September 5, 2012, Frego was advised that Wallace could not represent her pro se and that she would have to submit her own opposition by September 14, 2012. DE[29]. By letter dated September 18, 2012, Frego asked for an extension of time to oppose the motion, to October 10, 2012 and that request was granted. DE[30]. Her opposition[1] was

---

[1] Frego's Opposition refers to an "Affidavit of Truth," a document that the defendants say the court should not consider on this motion to dismiss. See DE[27] at 4. I have not considered any factual allegations in the "Affidavit of Truth," but have limited the analysis to the facts set out in the Frego Complaint.

docketed on October 11, 2012.  For the reasons set forth herein, I recommend that the motion to dismiss the Wallace complaint be granted and Wallace's complaint be dismissed without leave to replead, and that the motion to dismiss the Frego complaint be granted in part and denied in part.

## BACKGROUND

The complaints in these consolidated actions are based on events that occurred on September 16, 2011 at approximately 7:30 a.m., when the defendants arrested Wallace pursuant to a parole arrest warrant at or near Frego's residence at 7 Vincent Place, Oakdale, New York. Frego states that Wallace does not live at that address.  Wallace claims that, on that date, the defendants had no warrant to "breach the residence of 7 Vincent Place, Oakdale, NY," and that defendants Kelsick and Senzamici entered the premises "[w]ithout the consent of . . . [Lynda Frego,] after their subject willfully surrendered and was no[] longer inside the residence, thereby traumatizing my (15) year old daughter and my wife.  When asked to view warrant specifying place to be searched, we were met with unreasonable aggression and profanities while my daughter was present."  Wallace Comp., §IV at 4.  This, Wallace alleges, "seems to be the policy and custom of this agency to operate beyond its constitutional scope . . ." *Id.*  As damages, Wallace seeks $50,000 and a "federal probe into the professional conduct of NYS Parole officers . . ." *Id.* at §V, p. 5.

Frego alleges that " subsequent to executing a parole arrest warrant for [Wallace] . . . who . . . surrendered himself and was taken into custody, the named defendants upon protest forced their way into my home and conducted an illegal search of my residence.  As a result I was physically restrained under excessive force from coming to the aid and assistance of my daughter . . . whom I was trying to protect from any harm."  Frego Compl., §IV at 4.  Frego further claims

that she did not give the officers consent to search and that their actions at her home caused physical, mental and emotional pain.  She alleges violations of her right to be free from unreasonable search and seizure, her right to due process of law, and relevant state constitutional rights.  *Id.*  Frego also alleges harm to her minor daughter, who is not a party to the action.  She seeks $10,000,000 in damages and prospective relief to prevent future unconstitutional intrusions into homes of those not on parole or suspected of a crime, and asks that the defendants be reprimanded and placed on restrictive duty.  *Id.*, §V at 5.

The defendants move to dismiss pursuant to Federal Rules 8(a), 12(b)(1), and 12(b)(6).

## DISCUSSION

**Standards on Motion to Dismiss:**

Federal Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is "designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Lee v. City Dep't of Corrections,* 2012 WL 4482122, *1 (E.D.N.Y. Sept. 26, 2012)(quoting *Riciutti v. New York City Trans. Auth.,* 941 F.2d 119,123 (2d Cir. 1991)).

A case or claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  The standard for reviewing a 12(b)(1) motion is essentially the same as the 12(b)(6) standard, except that a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Hoops v. KeySpan Energy,* 794 F. Supp. 2d 371, 375-76 (E.D.N.Y. 2011)(citing

*Makarova*, 201 F.3d at 113).

In reviewing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005); *Rosen v. North Shore Towers Apts., Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011)(12(b)(1)).  The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007).  The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court clarified the appropriate pleading standard in *Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss.  District courts are to first "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 664.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly,* 550 U.S. at 556-57) (internal citations omitted).

When considering a motion to dismiss a pro se complaint, the court must "interpret the complaint liberally to raise the strongest claims that the allegations suggest." *Rosen,* 2011 WL 2550733 at *2 (citing *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000) & *Hughes v. Rowe,* 449 U.S. 5, 9, (per curiam)(noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers")). However, "mere conclusions of law or unwarranted deductions" need not be accepted. *Rosen,* 2011 WL 2550733 at *2 (citing *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir. 1994)(internal citations omitted)).

**Wallace's Complaint:**

The defendants note that on a motion to dismiss, the court can consider any documents incorporated in the complaint by reference, in this case, documents relating to Wallace's parole and parole violation. DE[16-2] at 2-3 (citing *Chambers v. Time Warner,* 282 F.3d 147, 152-54 (2d Cir. 2002); *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000)). I agree.

They argue that Wallace's complaint must be dismissed for failure to state a claim, stating that the complaint does not specify any civil right of Wallace's that was violated. Wallace alleges that the defendants engaged in unprofessional behavior, exhibiting "unreasonable aggression and profanities while [his] daughter was present." I agree that the allegations in the complaint do not meet even the lenient standard of Rule 8 as applied to pro se litigants. While the alleged profane language, if it occurred, may have been offensive and disturbing, it does not state a claim, either directly or indirectly, that any of Wallace's civil rights were violated.

The same is true under the standards applicable to Rule 12b(6). While the facts set forth

5

by Wallace are plausible in and of themselves, they do not give rise to an entitlement to relief for Wallace, even with all possible reasonable inferences being drawn on his behalf. Wallace alleges only that his wife's residence was improperly entered and that the defendants behaved in an overly aggressive manner, using profanities and upsetting his daughter. All of his allegations are set forth in terms of harm to his wife and daughter, not himself. DE[16-8]. Fourth Amendment rights have been found to be personal to the home owner, and "cannot be asserted vicariously by the person named in [an] arrest warrant." *See United States v. Agnew,* 407 F.3d 193, 196-97 (3d Cir. 2005)(citing cases); *see also United States v. Snype,* 441 F.3d 119, 132 (2d Cir. 2006). Thus, Wallace cannot allege a violation of his wife's or daughter's Fourth Amendment rights, only his own, and his complaint does not make such a claim.

     Nor would such a claim be likely to succeed. In *Steagald v. United States,* 451 U.S. 204, 219 (1981), the Supreme Court held that the Fourth Amendment protects a third party not named in an arrest warrant from intrusion into his home without a search warrant, but it declined to extend this protection to the person named in the arrest warrant who was apprehended in the third party's home, leaving open the question of "whether the subject of an arrest warrant can object to the absence of a search warrant when he is apprehended in another person's home.'" *United States v. Pabon,* 603 F. Supp. 2d 406, 414 (N.D.N.Y. 2009)(quoting *Steagald*). The Second Circuit has not yet decided the question left open in *Steagald,* but has noted that it is "[d]oubtful . . . that any arrestee could raise such an objection." *United States v. Viserto,* 391 Fed. Appx. 932, 934 (2d Cir. 2010). This is especially true of parolees, whose expectations of privacy are very low. *See United States v. Santalucia,* 666 F. Supp. 2d 268, 271 (N.D.N.Y. 2009)(citing *Pabon,* 603 F. Supp.2d at 415 (citing *United States v. Massey,* 461 F.3d 177, 179-80 (2d Cir. 2006); *see*

*also United States v. Grimes,* 225 F.3d 254, 258 (2d Cir. 2000); *United States v. Polito,* 583 F.2d 48, 55 (2d Cir. 1978). Other courts have expressly extended the reasoning in *Steagald* to find that "where a defendant was arrested pursuant to a valid arrest warrant while in the home of a third party without a search warrant for the third party's home, the defendant's Fourth Amendment rights were not violated. *See. Pabon,* 603 F. Supp.2d at 414-15(citing cases). And the Second Circuit has recognized on the extension of *Steagald's* logic, but, as noted, has not yet adopted it.

Further, in *Samson v. California,* the Supreme Court upheld warrantless searches of parolees consistent with consented-to conditions of parole. 547 U.S. 843 (2006). If, as is likely, Wallace signed a Condition of Release on Parole[2] allowing parole officers to search him or any premises that he used as a residence, he would be precluded from objecting to the absence of a search warrant. *See Viserto,* 391 Fed. Appx. at 934; *Santalucia,* 666 F. Supp. 2d at 271, n.1. In sum, Wallace does not make out a Fourth Amendment claim in his complaint and I recommend that the Wallace Complaint be dismissed without leave to replead.

**Frego's Complaint:**

<u>Claims on Behalf of Frego and Wallace's Daughter:</u>

As a threshold matter and as noted *supra*, any claims by Frego based on harm to her daughter must be dismissed, without leave to replead. *Berrios v. New York City Housing Auth.,* 564 F.3d 130, 133 (2d Cir. 2009). In the event that a lawyer is retained to represent the

---

[2]The defendants claim that Wallace signed such a Release, DE[27] at 12, citing to Exhibit B. The exhibit cited, however, does not include a Condition of Release on Parole. Nonetheless, it is quite likely that Wallace did sign one in accordance with New York State Parole Regulations. *See Santalucia,* 666 F. Supp. 2d at 271, n.1 (citing N.Y. Comp. Codes R. & Regs. tit. 9, §8003.2(d).

daughter, he or she might revive the claims, but Frego cannot bring the claims on her daughter's behalf.

Claims Against the Defendants in their Official Capacities:

Frego's claims against the defendants in their official capacities pursuant to Section 1983 must also be dismissed without leave to replead because such claims are barred by the Eleventh Amendment and by 42 U.S.C. § 1983. Neither the State nor its agencies are "persons" for Section 1983 purposes. *See, e.g., Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *K&A Radiologic Tech. Servs., Inc., v. Commissioner of the Dep't of Health of the State of New York,* 189 F.3d 273, 278 (2d Cir. 1999). Further, the Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Edelman v. Jordan,* 415 U.S. 651, 662-663(1974). The Supreme Court has also held that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," and "[s]uits against state officials in their official capacity therefore should be treated as suits against the State." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55 (1978); *Hafer v. Melo,* 502 U.S. 21, 26 (1991). Thus, the bar to suits against a state applies equally to suits against state officials in their official capacities in a Section 1983 action and those claims here must be dismissed.

Demands for Prospective and Injunctive Relief:

The same is true of Frego's claims seeking prospective and injunctive relief. Frego seeks preventative measures going forward that would stop unconstitutional intrusions into the homes of citizens who are not on parole or suspected of any criminal activities, and also seeks to have

the defendants reprimanded and placed on restrictive duty. Compl., §V at 5. Even if such relief were practicable (for example, if an act is "unconstitutional" it is already prohibited), there are no defendants here who could provide such relief- the two named defendants cannot reprimand themselves or restrict their own duty, and there is no suggestion that they are such high level actors that they could initiate the sort of "preventive measures" that Frego seeks. Further, the injunctive relief sought is unavailable because no reasonable inference can be drawn that there is a likelihood of future harm to her as a result of the challenged conduct. *See, e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (plaintiff seeking injunctive or declaratory relief must show that she has sustained or imminently will sustain some direct injury as result of challenged conduct). Thus, that aspect of the complaint should be dismissed.

Frego's Fourth Amendment Claim:

That leaves Frego's Fourth Amendment claim - that the defendants improperly entered and searched her home. Both Frego and the defendants rely on *Motley v. Parks,* 432 F.3d 1072 (9th Cir. 2005); *overruled in part by United States v. King*, 687 F.3d 1189 (9th Cir. 2012).[3] Frego cites it for the proposition that her Fourth Amendment claim should be analyzed under an "objective reasonableness standard." DE[31], ¶1. The defendants cite it for the proposition that officials needed only probable cause to conduct a warrantless search at a residence where a parolee was believed to reside. DE[32] at 2. *Motley* does hold that where "a law enforcement officer's observations support a 'reasonable belief' that a parolee resides at a particular address,

---

[3]*Motley* was overruled in part on the issue of whether there is a constitutional difference between probation and parole for purposes of the Fourth Amendment. *Motley* and numerous other cases in the Ninth Circuit so held, but *United States v. King*, 687 F.3d 1189 (9th Cir. 2012) overruled them on that ground, based on the Supreme Court's holding that "parolees have fewer expectations of privacy than probationers." *Samson v. California,* 547 U.S. 843, 850 (2006).

this 'provide[s] a reasonable basis for a search." 432 F.3d at 1079 (quoting *United States v. Dally,* 606 F.2d 861, 863 (9th Cir. 1979)). Here, the officers reasonably believed that Wallace might be found at the home of his wife and daughter, even if, as Frego asserts, he does not live there permanently. Wallace had failed to go to his approved parole residence or to report to his parole officer, and it was reasonable for the officers to think that he might have gone to his wife's home. But that does not resolve the issue of the alleged search of Frego's home.

The defendants argue that courts in this Circuit have upheld searches based on parole warrants where there was no separate search warrant for the premises searched. But those cases were focused on the rights, or lack thereof, of the parolees. *See, e.g., United States v. Quinones,* 457 Fed. App'x 68 (2d Cir. 2012) (upholding denial of motion to suppress evidence seized in search of apartment shared by parolee and girlfriend); *Viserto,* 391 Fed. App'x 932(entry into suspect's wife's home on basis of parole warrant valid as to parolee); *Santalucia,* 666 F. Supp. 2d 268(denying motion to suppress evidence seized in search of bedroom in parolee's mother's house). While these cases fully support the rationale that the defendants could enter Frego's house and look for Wallace without any violation of his rights, and that they could search incident to Wallace's arrest under applicable constitutional limitations, they do not address the rights of the non-parolee third party, rights that *Steagald* recognizes might be impacted.

Frego's claim is that the defendants initiated the search or continued to search <u>after</u> they found and arrested Wallace. She alleges that the defendants forced their way into her home "subsequent to executing a parole arrest warrant for my husband . . ."[4] She also claims that she

---

[4]In his Complaint in this consolidated action, Wallace alleges that the defendants entered and/or searched the premises "[w]ithout the consent of . . . [Lynda Frego,] after their subject willfully surrendered and was no[] longer inside the residence, thereby traumatizing my (15) year

10

was "physically restrained under excessive force." The defendants argue that "[w]hen Wallace was found at plaintiff Frego's residence, it was reasonable for the defendants to search the premises where plaintiff Wallace had been living." DE[32] at 7. But they do not explain why it was reasonable or "needed for the promotion of legitimate governmental interests," (*Samson,* 547 U.S. at 848) or "rationally and substantially related" to the parole officer's duty (*People v. Huntley,* 43 N.Y. 175, 183 (1977); or part of an effort "to protect the public from the commission of further crimes (*United States v. Newton,* 369 F.3d 659, 665-66 (2d Cir. 2004). They cite to no cases that specifically support the proposition that a search of premises pursuant to a parole warrant can continue after the parolee has been apprehended without some exigent reason for the continued search. There is nothing in the record to support a finding that the defendants were searching for anything other than Wallace himself or that they were trying to protect themselves or prevent some harm. *Compare Quinones,* 457 Fed. Appx. 68 (parolee suspected of possession firearm and drugs); *Santalucia,* 666 F. Supp. 2d (parole officers searched for unlawful weapons and to prevent a fire).

The defendants argue that there is no established law regarding these issues, and that they are entitled to qualified immunity. There may or may not be established law, but without knowing the reason for the continued search after Wallace was apprehended (accepting Frego's factual allegation to that effect as true), there is simply not a sufficient factual record on which to make that determination. Under New York law, for example, a parole search can be "so divorced from reasonable suspicion as to be arbitrary and capricious," and Frego may make out a claim to that effect. *Quinones,* 457 Fed. Appx. at 70. If, as discovery proceeds, more factual support

---

old daughter and my wife."

emerges for the defendants' argument, they can raise it again. Thus, I recommend that Frego's Fourth Amendment claim not be dismissed.

<u>Frego's Due Process Claim:</u>

Frego mentions a violation of due process in her complaint, but I cannot reasonably infer such a claim from the facts alleged.

**OBJECTIONS**

Copies of this Report and Recommendation are being sent to each of the plaintiffs at their addresses of record by first class mail on the date below and to defense counsel by electronic filing. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72;  Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 3, 2012

                                                                          /s/ William D. Wall
                                                                          WILLIAM D. WALL
                                                                          United States Magistrate Judge