UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TROY CLAYTON WALLACE,

                Plaintiff,

        -against-

PAROLE OFFICER F. KELSICK;
SENIOR PAROLE OFFICER SENZAMICI,

                Defendants.
------------------------------------------------------------x
LYNDA M. FREGO,

                Plaintiff,

        -against-

NEW YORK STATE DEPT. OF CORRECTIONS
AND COMMUNITY SUPERVISION, SENZAMICI,
SENIOR PAROLE OFFICER, PAROLE OFFICER
F. KELSICK,

                Defendants.
------------------------------------------------------------x

**ORDER**
11-CV-5462 (SJF) (WDW)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ DEC 21 2012 ★

LONG ISLAND OFFICE

12-CV-1028 (SJF) (WDW)

FEUERSTEIN, J.

      On November 7, 2011, pro se plaintiff Troy Clayton Wallace ("Wallace") commenced this action pursuant to 42 U.S.C. § 1983 against Parole Officer F. Kelsick, Senior Parole Officer Senzamici ("defendants"), the New York State Department of Corrections and Community Supervision, and Andrea Evans alleging, inter alia, that a "marshal task force" arrested Wallace and entered a residence in Oakdale, New York without a warrant and without consent of the lessee, Lynda Frego ("Frego"). By order dated December 6, 2011, the Court dismissed Wallace's claims against the New York State Department of Corrections and Community

Supervision and Andrea Evans. [Docket Entry No. 6].

On March 1, 2012, Frego, appearing pro se, commenced a separate action (originally assigned to District Judge Joseph F. Bianco) against defendants and the New York State Department of Corrections and Community Supervision alleging, inter alia, that she was "physically restrained under excessive force" while officers searched her residence. [Case No. 12-CV-1028, Docket Entry No. 1]. By order dated June 11, 2012, the Court dismissed Frego's claims against the New York State Department of Corrections and Community Supervision and granted defendants' motion to consolidate the Frego and Wallace actions for all purposes. [Docket Entry No. 18]. On July 26, 2012, defendants moved to dismiss both the Wallace and Frego complaints. [Docket Entry No. 27].

Presently before the Court is the Report and Recommendation (the "Report") of Magistrate Judge William D. Wall dated December 3, 2012 recommending that (1) defendants' motion to dismiss the Wallace complaint be granted in its entirety without leave to replead, and (2) defendants' motion to dismiss the Frego complaint be granted in part and denied in part. No objections to the Report have been filed. For the following reasons, the Court adopts Magistrate Judge Wall's Report in its entirety.

I.   Standard of Review

Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed by the district court de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the district court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter as to which no timely objection has been made, the

district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 F. App'x. 815 (2d Cir. 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 F. App'x. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Analysis

No objections to Magistrate Judge Wall's Report have been filed. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Wall's Report in its entirety. Defendants' motion to dismiss the Wallace complaint is granted, and the Wallace complaint is dismissed with prejudice. Defendants' motion to dismiss the Frego complaint is denied with respect to Frego's Fourth Amendment claim and granted in all other respects. The dismissal of the Frego complaint is with prejudice, except with respect to any claims asserted on behalf of Frego's daughter, which are dismissed without prejudice.

In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including by mailing a copy of this order to the pro se plaintiffs, and record such service on the docket.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: December 21, 2012
Central Islip, New York